*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0540**

Ken Peterson, Commissioner,
Minnesota Department of Labor and Industry,
Respondent,

vs.

United Parcel Service, Inc.,
Relator.

**Filed December 21, 2015
Affirmed
Kirk, Judge**

Occupational Safety & Health Review Board
File No. OAH 60-1901-31010

Lori Swanson, Attorney General, Scott A. Grosskreutz, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Joseph G. Schmitt, Peter Gray, Lisa M. Schmid, Nilan Johnson Lewis PA, Minneapolis, Minnesota; and

Carla J. Gunnin (pro hac vice), Jackson Lewis P.C., Atlanta, Georgia (for relator)

Considered and decided by Stauber, Presiding Judge; Kirk, Judge; and Willis, Judge.[*]

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KIRK**, Judge

Relator United Parcel Service, Inc. (UPS) argues that the Occupational Safety and Health Division of the Minnesota Department of Labor and Industry (MnOSHA) board erred in finding that UPS had failed to abate its violations of Minn. R. 5205.0110, subp. 3 (2013), and that the rule was improperly promulgated. We affirm.

## DECISION

This is the second appeal in this continuing litigation. An in-depth summary of the history of the dispute was provided in our first decision. *Peterson v. United Parcel Serv., Inc.*, Nos. A13-2378, A14-0467, 2014 WL 4672393 (Minn. App. Sept. 22, 2014), *review denied* (Minn. Dec. 16, 2014). The facts relevant to the instant case are as follows: UPS is a multi-national package-delivery company that operates a network of retail stores and distribution centers, including distribution centers in Minneapolis and Maple Grove. In 2010, MnOSHA issued two citations to UPS for violating Minnesota's indoor-workroom standard, which, at the time, required an employer to maintain a minimum temperature of 60 degrees Fahrenheit in any indoor workroom where strenuous work was performed. *See* Minn. R. 5205.0110, subp. 3. In 2012, the citations became final, and we subsequently upheld the district court's grant of summary judgment affirming the finality of the MnOSHA board's order. *Peterson*, 2014 WL 4672393 at *6-*7. The Minnesota Supreme Court denied UPS's petition for further review.

In 2013, MnOSHA conducted a follow-up inspection of UPS's Minneapolis distribution center, and recorded temperature readings falling below 60 degrees. It issued

2

UPS a failure-to-abate citation and a citation for failure to submit a certification showing how the violation was corrected, as required under Minn. R. 5210.0532, subp. 2 (2013).

In December 2013, respondent Minnesota Department of Labor and Industry (DLI) moved for summary disposition and, after a hearing, the administrative-law judge (ALJ) granted the motion, affirming the failure-to-abate citations. UPS appealed and the MnOSHA board affirmed both citations.

"Summary disposition is the administrative equivalent of summary judgment." *Pietsch v. Minn. Bd. of Chiropractic Exam'rs*, 683 N.W.2d 303, 306 (Minn. 2004). Summary disposition is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *In re Rate Appeal of Benedictine Health Ctr.*, 728 N.W.2d 497, 500-01 n.3 (Minn. 2007). The MnOSHA board's decision may be appealed "in accordance with the applicable provisions of [the Minnesota Administrative Procedure Act (MAPA), Minn. Stat. §§ 14.001-.69 (2014)]." Minn. Stat. § 182.65 (2014). This court will affirm an administrative agency's decision unless its findings, inferences, conclusions, or decisions are

> (a) in violation of constitutional provisions; or
> (b) in excess of the statutory authority or jurisdiction of the agency; or
> (c) made upon unlawful procedure; or
> (d) affected by other error of law; or
> (e) unsupported by substantial evidence in view of the entire record as submitted; or
> (f) arbitrary or capricious.

Minn. Stat. § 14.69. A party challenging an agency's findings must establish that they are not supported by substantial evidence. *Reserve Mining Co. v. Herbst*, 256 N.W.2d 808,

826-27 (Minn. 1977). If an agency engages in reasoned decision-making, we will affirm, even if we may have reached a different conclusion had we been the fact-finder. *Cable Commc'ns Bd. v. Nor–W. Cable Commc'ns P'ship*, 356 N.W.2d 658, 669 (Minn. 1984). We presume that an agency's decision is correct and defer to an agency's conclusions in its area of expertise. *Id.* at 668.

The commissioner of DLI is authorized to impose penalties when an employer fails to correct a violation after a final order. Minn. Stat. § 182.661, subd. 2 (2014). An employer who repeatedly violates the requirements of any order adopted under the authority of the commissioner may be assessed a fine. Minn. Stat. § 182.666, subd. 1 (2014).

On appeal, UPS argues that MnOSHA did not prove that UPS failed to abate the original citations and that the indoor-workroom standard was improperly promulgated and is therefore invalid. UPS contends that it is difficult to simultaneously comply with the indoor workroom-standard and the garage ventilation rule, especially in the winter months, when it must constantly circulate cold, fresh air into the garage areas. *See* Minn. R. 5205.0200, subp. 1 (2013) (stating "[v]entilation shall be provided for . . . all live storage garages, housing six or more vehicles driven by internal combustion engines.").

We recognize the practical difficulty faced by UPS in complying with both the indoor-workroom standard and the garage-ventilation rule in the winter months. But UPS lost its opportunity to challenge the validity of the indoor-workroom standard when it failed to perfect its certiorari appeal of the final order. This case is narrow in scope: it is solely about UPS's compliance with the 2012 final order requiring it to comply with the indoor-

4

workroom standard.  On this point, UPS failed to present any evidence before the ALJ or the MnOSHA board indicating that it had abated or attempted to abate its violation at any time after the final order.  For this reason, the MnOSHA board's decision is supported by substantial evidence in the record.  *Reserve Mining Co.*, 256 N.W.2d at 826-27.

Moreover, in an October 2013 order opinion, we dismissed UPS's declaratory-judgment petition to review the validity of the indoor-workroom standard because the occupational-safety-and-health standards provided in Minn. Stat. § 182.655 (2014) are not subject to review by this court under Minn. Stat. § 14.44 (2014).  Therefore, UPS's challenge to the legality of the indoor-workroom standard is not properly before this court.

**Affirmed**.